Jacob GROBY III and Durrell H. Williams, Individually and on behalf of all those similarly situated

v.

Angele DAVIS, In her Official Capacity as Commissioner of Administration and Suzie Elkins, In her Official Capacity as Executive Director of the Louisiana Office of Community Development.

Civil Action No. 08–1524.

United States District Court, E.D. Louisiana.

July 28, 2008.

John Paul Massicot, Anthony L. Marinaro, Frank A. Silvestri, M. Damien Savoie, Silvestri & Massicot, Peter D. Derbes, Law Office of Peter D. Derbes, New Orleans, LA, for Plaintiffs.

Angelique Renee Duhon, David Glen Sanders, Patricia Hill Wilton, Louisiana Department of Justice, Baton Rouge, LA, for Defendants.

### ORDER AND REASONS

MARY ANN VIAL LEMMON, District Judge.

**IT IS HEREBY ORDERED** that the "Motion to Dismiss Complaint" of Angele

Davis, in her official capacity as Louisiana Commissioner of Administration, and Suzie Elkins, in her official capacity as Executive Director of the Louisiana Office of Community Development, is **GRANTED,** and the complaint is **DISMISSED.** (Document # 6.)

## I. BACKGROUND

Jacob Groby III and Durrell H. Williams, are applicants of the Louisiana Road Home Program. The Louisiana Road Home Program was created by the Louisiana legislature and funded by Community Development Block Grants provided by the United States Department of Housing and Urban Development (HUD) to provide compensation to those who sustained unreimbursed damage to their homes during Hurricane Katrina and Rita. Among the documents which must be signed as a condition of receiving a grant is the grant agreement. The grant agreement contains the following relevant provision:

> Decisions by [Office of Community Development] OCD or its designee on appeal are final non-appealable determinations of benefits under *The Road Home Program.* If Homeowner(s) attempt to take legal action against Closing Agent, the State of Louisiana, United States or any other branch or agency of the state or federal government, such entity will have the right to recover from Homeowner(s) the attorneys' fees and other expenses incurred in connection with such action in the event of adverse judgment against Homeowner(s).

1. Groby, a former resident of St. Bernard Parish, applied in August 2006 and went to a closing for the sale of his property under option 2 (relocation within the state) on January 17, 2008. He now resides in St. Tammany Parish and has not received any funds from that sale.

Applicants are also required to sign a document stating in part "I understand that any decision of the State Appeals Office will be a final decision, not subject to review or change by any other office or by any court." Groby has signed a grant agreement incorporated into closing documents,[1] and Williams has not yet signed a grant agreement.[2]

Groby and Williams filed a class action complaint for declaratory and injunctive relief, pursuant to 42 U.S.C § 1983, against Angele Davis, in her official capacity as Commissioner of Administration of the State of Louisiana, which oversees the actions of the OCD, and Suzie Elkins, in her official capacity as executive director of OCD.

The plaintiffs seek to represent a class of 155,000 Road Home applicants whose real property was damaged in approximately 13 Louisiana parishes.[3] They allege that their right of access to the courts under the First Amendment of the United States Constitution has been chilled and abridged by the Road Home's false statements and by threats that they are not entitled to seek judicial review after exhaustion of administrative appeals within the Program and that, if plaintiffs filed suit for judicial review, they would be exposed to liability for attorney's fees. The plaintiffs contend that, but for the threats, they would file suit in state court to enforce Groby's act of sale and to compel agency action on Williams' application. They further allege that the fee shifting provision alters their rights under the Louisiana Ad-

2. Williams, a resident of Orleans Parish, applied in January 2007. He has not received an award letter or any funds and is not scheduled for a closing.

3. Approximately 109,000 grant closings have been held as of June 2, 2008.

ministrative Procedures Act, which grants citizens a right of judicial review from unfavorable decisions of state agencies, and the federal Administrative Procedure Act.

The plaintiffs seek a declaration that the challenged language in the grant agreement violates the United States Constitution, an injunction that the defendants not enforce the challenged language, and an injunction commanding the defendants to notify the class that the offensive language was incorrect and that the class members have a right of judicial review.

The defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and asserting Eleventh Amendment immunity and abstention under the *Pullman* doctrine.

## II. DISCUSSION

The defendants contend that the court lacks jurisdiction because, *inter alia,* the plaintiffs lack standing; thus, there is no justiciable case or controversy. The defendants argue that the plaintiffs have not suffered an injury in fact which is concrete, particularized, and actual or imminent and a decision by this court ultimately may not be necessary.

▮▮▮▮ Standing is a doctrine of "justiciability that assure[s] federal courts will decide only Article III cases or controversies." *LeClerc v. Webb,* 419 F.3d 405 (5th Cir.2005). "[T]he issue of standing is one of subject matter jurisdiction." *Cobb v. Central States,* 461 F.3d 632, 635 (5th Cir. 2006). "As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint." *Kitty Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 460 (5th

Cir.2005) (internal quotation and citation omitted).

▮▮▮▮ "Article III standing, at its 'irreducible constitutional minimum,' requires Plaintiffs to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely ... be redressed by a favorable decision.'" *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217 (5th Cir.2001) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* In order to meet the constitutional standard for standing the allegations of injury must not be abstract or speculative. *Id.* at 218 (citing *Lujan* at 2138 n. 2). "[P]articularized ... mean[s] that the injury must affect the plaintiff in a personal and individual way." *Id.* (citing *Lujan* at 2136 n. 1). "An interest shared generally with the public at large in the proper application of the Constitution and laws will not [create standing]." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

▮▮▮ Groby alleges in the complaint that he went to an act of sale with the State of Louisiana on January 17, 2008, and closing documents were signed; however he has not yet received the proceeds of the sale. He further contends that he learned that the house, which he sold to the Road Home Program, may be demolished. Groby argues that he is deprived of his right to file suit to enforce the act of sale, enjoin the demolition, if he thought that were appropriate, or seek review of a decision by the Road Home Appeals Program if the relief there proved inadequate or untimely.

Groby's allegations of injury do not meet the constitutional standard for standing.

Groby sold his home under Option 2 of the Road Home Program (relocation within the State), and his complaint is that he has not yet received the proceeds of that sale. He does not allege that he has participated unsatisfactorily in an appeals process, but hypothetically argues that he should be allowed access to the courts if an appeal would prove inadequate. Moreover, his allegation that the property may be demolished does not present a concrete and particularized legally protected interest because the property has already been sold to the Road Home Program. Accordingly, Groby does not identify an injury in fact that affects him in a personal and individual way and that is imminent.

Williams has not pleaded specific facts that indicate that he has been injured in fact or that injury is imminent. In the affidavit attached to the complaint, Williams states that he was advised in November 2007 that the "reviewer could not understand the data he had provided." Thereafter, he submitted copies of his documents to a Road Home representative and learned that his application was mistakenly placed on "inactive" status. Because he has not yet obtained a determination of his grant award or completed the appeals process, he has not satisfied the standing requirement of actual or imminent injury.

Williams and Groby present a generalized grievance concerning the inadequacies and errors in the Road Home Program that are common to many citizens of Louisiana who have suffered damage as a result of Hurricane Katrina. While the court recognizes the frustration and difficulty expressed by the plaintiffs, this general interest shared by the public at large will not create standing. The claims by Williams and Groby do not present a justiciable case or controversy, and the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is granted.